UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALIOSHA LAZARO CEBRECO HERRERA,

Petitioner,

v. Case No.: 2:26-cv-458-SPC-DNF

WARDEN, ALLIGATOR ALCATRAZ *et al.*.

Respondents,
_____________________________________/

**OPINION AND ORDER**

Before the Court is the respondents' Motion for Reconsideration (Doc. 9). On March 24, 2026, the Court granted Aliosha Lazaro Cebreco Herrera's petition for a writ of habeas corpus because his arrest and detention by Immigration and Customs Enforcement ("ICE") violated the Due Process Clause of the Fifth Amendment. In short, the Court found that ICE served Cebreco Herrera with expedited removal papers in violation of the Immigration and Nationality Act and detained him without any process whatsoever. As a remedy, the Court ordered the respondents to release Cebreco Herrera within 24 hours. In their motion, the respondents demonstrate that ICE deported Cebreco Herrera to Cuba on March 19, 2026. They ask the Court to grant relief from the March 24 order under Rule 60(b) and rule the petition moot.

Rule 60(b) provides relief from judgments on the grounds of "mistake, inadvertence, surprise, or excusable neglect" or "newly discovered evidence." Fed. R. Civ. P. 60(b)(1)-(2). The decision to reconsider "is committed to the sound discretion of the district judge." *United States v. Jim*, 891 F.3d 1242, 1252 (11th Cir. 2018) (citation omitted). Motions for reconsideration are granted sparingly, and "[t]he burden is upon the movant to establish extraordinary circumstances supporting reconsideration." *U.S. ex rel. Matej v. Health Mgmt. Assocs.*, 869 F. Supp. 2d 1336, 1348 (M.D. Fla. 2012) (citation omitted).

The Court does not find good cause to reconsider its March 24 order. While it turns out the habeas petition was arguably moot when the Court granted it, the respondents were aware of the potential mootness but neglected to inform their counsel. It is hard to call that neglect excusable. More to the point, the respondents have not identified any consequences of the Court's order that would justify Rule 60(b) relief. Cebreco Herrera has been removed from the United States, is no longer in ICE custody, and has not sought any post-judgment relief. Vacating the March 24 order and denying the petition as moot would not change anything. Accordingly, the respondents' motion for reconsideration (Doc. 9) is **denied**.

**DONE AND ORDERED** in Fort Myers, Florida on July 20, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record